IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROBERT SIMMONS,**

    **Petitioner,**

vs.                                                     **Case No. 4:06cv245-MP/WCS**

**JAMES McDONOUGH,**

    **Respondent.**

                                    /


**REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS PETITION**

Petitioner filed a 28 U.S.C. § 2254 petition on May 19, 2006 (the date Petitioner delivered the document for mailing). Doc. 1.[1] Respondent filed a motion to dismiss the petition as untimely, and supplied relevant portions of the state court record. Doc. 10. References to exhibits are to those supplied with doc. 10 unless otherwise noted. Petitioner filed a traverse. Doc. 12.

---

[1] Hereafter, references to the date Petitioner filed a document are to the date he signed the document or delivered it to prison officials for mailing.

**One Year Period**

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  § 2244(d)(1)(A).  Petitioner agrees that the statute of limitations commenced from the date on which his conviction became final.  Doc. 12, p. 3.

The one year period is tolled for the time during which a "properly filed" application for relief is pending in state court.  § 2244(d)(2)(e).  The time may be equitably tolled, as discussed ahead.

**Relevant History**

Petitioner challenges the judgment of the Second Judicial Circuit, Leon County, sentencing him to life imprisonment followed by a period of probation for life.  Doc. 1, p. 1; Ex. A (copy of the judgment in case number 95-315AF).  The judgment was affirmed on March 13, 1998.  Ex. I.  Petitioner's conviction therefore became final on June 11, 1998. Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003) (judgment is final under § 2244(d)(1)(A) when the 90 day period for filing a petition for writ of certiorari – which runs from the date of the opinion rather than the mandate – expires, even if the petitioner does not seek review by certiorari); Nix v. Sec'y for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004), *cert. denied*, 545 U.S. 1114 (2005) (citing Clay, other citations omitted).

Petitioner filed a motion seeking relief under Fla.R.Crim.P. 3.800(b) on July 9, 1998. Ex. K. The motion was denied, Petitioner took an unsuccessful appeal, and the mandate issued on December 17, 1999. Ex. O.

Petitioner filed a Fla.R.Crim.P. 3.850 motion on March 1, 2000. Ex. P. The motion was denied on November 6, 2001. Ex. R. Petitioner did not take an appeal at that time.

On November 12, 2002, Petitioner filed a petition for writ of habeas corpus seeking a belated appeal from the denial of his Rule 3.850 motion. Ex. S. The petition was granted and Petitioner pursued his appeal, which was ultimately unsuccessful. Exs. T-W. The mandate issued on December 12, 2005. Ex. X.

As previously noted, Petitioner filed the § 2254 petition on May 19, 2006.

**Argument and Analysis**

Respondent and Petitioner agree that the judgment became final on June 11, 1998. Doc. 10, pp. 5-6; doc. 12, p. 4. Respondent asserts that unless he is entitled to tolling, Petitioner's time therefore expired on June 11, 1999. Doc. 10, p. 6. Since the Rule 3.800(c) motion did not toll the period, it is argued, by the time Petitioner filed his Rule 3.850 motion (which did toll the period), his time had already expired. *Id.*, pp. 6-10. Though Petitioner's motion cited 3.800(b), Respondent claims it was clearly a Rule 3.800(c) motion, and Petitioner must have used an outdated form citing the subsection prior to amendment in 1996. Doc. 10, p. 2, n. 4. Petitioner apparently agrees, as he discusses Rule 3.800(c). Doc. 12, pp. 4-9. The motion itself seeks reduction or modification of sentence, and refers to the 60 day time limit for filing, so it plainly proceeded under subsection (c).

Petitioner did not claim in his Rule 3.800(c) motion that his judgment or sentence was illegal, but sought a reduction at the mercy of the court. Ex. K, motion p. 2 (referencing, *inter alia*, his age and family). Respondent argues that a Rule 3.800(c) motion is similar to the state remedy addressed in Bridges v. Johnson, 284 F.3d 1201 (11th Cir. 2002). Doc. 10, pp. 7-9. Petitioner responds that the Rule 3.800 motion was a "properly filed application for state post-conviction or other collateral review" for purposes of § 2244(d)(2). Doc. 12, pp. 4-10.

In Bridges, a Georgia inmate's request for review by a sentence review panel was not an attack on the constitutionality or correctness of the judgment or conviction, and the court found it was not an application for "post-conviction or other collateral review" for purposes of § 2244(d). 284 F.3d at 1202-04. The rationale of Bridges has been applied to 3.800(c) motions in this district. Lawson v. Moore, 5:02cv258-MP/MD, doc. 15, pp. 5-6 (report and recommendation) (the recommendation was adopted and judgment entered on December 9, 2003) (docs. 16 and 17 in that case); Asad v. McDonough, 3:06cv138-LAC/EMT, doc. 27, pp. 6-7 (report and recommendation) (the recommendation was adopted and judgment entered on January 9, 2007) (docs. 36 and 37 in that case).[2] The Rule 3.800(c) request for a reduction of sentence at the discretion and mercy of the court is analogous to the procedure in Bridges, and is not an application for post conviction or collateral review for purposes of § 2244(d).

---

[2] That case is pending on appeal. A certificate of appealability was recently denied by the district judge, and the original papers have been forwarded to the Eleventh Circuit. Docs. 45, 48, and 49 in that case.

Case No. 4:06cv245-MP/WCS

Case 4:06-cv-00245-MP-WCS   Document 13   Filed 03/14/07   Page 5 of 8

Page 5 of 8

But even if the period from the filing of the Rule 3.800 motion (on July 9, 1998) to issuance of the mandate (on December 17, 1999) was tolled, the § 2254 petition would be untimely.

Between the date the judgment became final and the filing of the Rule 3.800 motion, 28 days passed.  Tolling the full period, the time began to run again from issuance of the mandate on the Rule 3.800 appeal on December 17, 1999, and 75 days elapsed before Petitioner filed the Rule 3.850 motion on March 1, 2000.  The 3.850 motion was denied on November 6, 2001, so the period was tolled until December 6, 2001 (when the time to appeal expired).  Cramer v. Secretary, Dept. of Corrections, 461 F.3d 1380 (11th Cir. 2006), *see also* Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003) (discussed ahead).[3]

Petitioner filed his petition for writ of habeas corpus, seeking a belated appeal from the denial of his Rule 3.850 motion, on November 12, 2002.  Ex. S.  From December 6, 2001, to November 12, 2002, 341 days elapsed.  Adding the 28 days and the 75 days which had elapsed previously, 444 days had passed.  The one year had expired by the time Petitioner filed his petition for belated appeal.

The issue of statutory tolling for the belated appeal is governed by Moore v. Crosby.  There the Petitioner did not appeal the denial of his Rule 3.850 motion, but later filed a motion for belated appeal.  321 F.3d at 1378.  A belated appeal was denied but a second petition for belated appeal was granted.  *Id.*  There, as here, the

---

[3] In calculating the period, Moore (without discussion) counted the time from the expiration of the time to appeal denial of the Rule 3.850 motion until the petitioner filed his first state petition for belated appeal.  *Id.*, at 1379, n. 1.

Case No. 4:06cv245-MP/WCS

successful request for belated appeal was filed outside the one year limitations period of § 2244(d)(1). *Id.*, at 1379 and n. 1, *discussing* Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001), *cert. denied,* 534 U.S. 1144 (2002) (other citations omitted). While the state court's decision to allow a belated appeal might permit tolling of the period while the application (for belated appeal) was actually pending, it could not relate back to toll the period which already expired. *Id.*, at 1380-81. "The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post conviction *actually pending in state court.*" *Id.*, at 1381 (emphasis added).

Petitioner also asserts "that the interest and furtherance of justice" requires equitable tolling here "because of the historical and memorialized, uncontroverted record facts that Petitioner has not filed any frivolous nor untimely motions," he exercised due diligence, and "the delay in filing Petitioner's Rule 3.850 postconviction relief motion was due to the district court of appeal's action in reviewing the appeal for six (6) months before dismissing it; a period of time in which Petitioner could not have filed his rule 3.850 postconviction relief motion." Doc. 12, pp. 9-10. Assuming Petitioner is referring to the time it took the appellate court to review denial of the 3.800 motion,[4] even excluding this full period the § 2254 petition is untimely as discussed *supra*.

---

[4] The 3.800 motion was denied on February 15, 1999, and Petitioner filed a notice of appeal on March 10, 1999. Ex. K. On June 3, 1999, the appellate court directed Petitioner to show cause why his appeal should not be dismissed for lack of jurisdiction, as challenging a discretionary ruling on a motion pursuant to 3.800(c). Ex. L. Petitioner filed a response dated June 14, 1999, and the appeal was dismissed on October 27, 1999. Exs. L and M. The mandate issued on December 17, 1999. Ex. O.

To be entitled to equitable tolling,

> [T]he petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling. Because of the difficult burden, this Court has rejected most claims for equitable tolling.

Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (collecting cases, including those involving attorney delay); Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (same, assuming without deciding that equitable tolling is allowed pursuant to 28 U.S.C. § 2244(d)).

The only other basis for equitable tolling in this record is that which appears in Petitioner's petition for writ of habeas corpus for a belated appeal, which the state court granted. Ex. S. Petitioner asserted there that he did not discover that the trial court ruled upon his Rule 3.850 motion until about October 3, 2002, when a copy of the order was attached to the State's response to his petition for writ of mandamus (seeking the status of the Rule 3.850 proceeding). *Id.*, p. 2. He claimed that while a copy of the final judgment on the Rule 3.850 motion was mailed to his attorney (appointed for the evidentiary hearing), a copy was not mailed to Petitioner individually. In other words, the presumptive cause of the failure to file a timely appeal was neglect by Petitioner's attorney. Attorney negligence, however, is not a sufficient cause for equitable tolling. Lawrence v. Florida, 127 S.Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.") (citation omitted); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (same); Gordon v. Secretary, Dep't of Corrections, 2007 WL 609788 (11th Cir., March 1, 2007).

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 10) be **GRANTED**, and the § 2254 petition challenging the judgment of the Second Judicial Circuit, Leon County, case number 95-315AF, be **DISMISSED AS UNTIMELY**.

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**