IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT SIMMONS,

       Petitioner,

v.                                        CASE NO. 4:06-cv-00245-MP-WCS

JAMES McDONOUGH,

       Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 13, Report and Recommendation of the

Magistrate Judge, which recommends that Defendant's Motion to Dismiss, Doc. 10, be granted,

and that Petitioner Simmons's petition for writ of habeas corpus, Doc. 1, be dismissed as

untimely. The Magistrate Judge filed the Report and Recommendation on Wednesday, March

14, 2007. The parties have been furnished a copy of the Report and have been afforded an

opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this

Court must make a *de novo* review of those portions to which an objection has been made.

A petitioner has one year from "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such

review" to file a § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). Tolled from this period would be

the time during which the state court is considering any properly filed application for post-

conviction review. In this case, Petitioner's conviction became final on June 11, 1998, which

Respondent and Petitioner both concede. Therefore, unless the time period is tolled, the statute

of limitations expired on June 11, 1999. On July 9, 1998, Petitioner filed a motion seeking relief

under Fla.R.Crim.P. 3.800(b), which was denied. On appeal, the denial was affirmed, with the

mandate issued on December 17, 1999.  Respondent argues in the motion to dismiss that this Rule 3.800(c) motion cannot serve to toll the statute of limitation since it only requested a reduction of Petitioner's sentence, and is not an application for post-conviction or collateral review for purposes of § 2244(d).  Even if this time period was tolled, the Magistrate points out that the instant petition is untimely anyway, since 444 days had passed from the date the judgment became final to when Petitioner sought a belated appeal from the denial of his Rule 3.850 motion.

Petitioner has filed objections to the Magistrate's Report, arguing that the doctrine of equitable tolling should apply.  Specifically, Petitioner states that his attorney appointed to represent him during the evidentiary hearing on his Rule 3.850 motion failed to inform him of the denial of this motion, thereby impeding Petitioner's ability to timely appeal the adverse ruling.  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999).  In Sandvik, the Eleventh Circuit found that equitable tolling was not available to a petitioner where the untimely filing was due to counsel's mailing the motion from Atlanta less than a week before it was due in Miami.  Here, as in Sandvik, while it is unfortunate that any such delay is a result of the alleged conduct of counsel, it nevertheless does not amount to an extraordinary circumstance beyond Petitioner's control and unavoidable even with diligence.  Furthermore, because a Rule 3.800 motion does not challenge the legality of a conviction or sentence, it cannot serve to toll the statutory limitation period.  Thus, even if equitable tolling were found to be appropriate, the instant petition would still be untimely.

Therefore, having considered the Report and Recommendation and the objections

thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge is adopted and
        incorporated herein.

2.      Defendant's motion to dismiss, Doc. 10, is GRANTED, and this case is
        DISMISSED AS UNTIMELY.

**DONE AND ORDERED** this   *2nd* day of May, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge