IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT SIMMONS,

    Petitioner,

v.                                               CASE NO. 4:06-cv-00245-MP-WCS

JAMES McDONOUGH,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 25, Motion for Certificate of Appealability, filed by Petitioner Robert Simmons. With regard to the notice of appeal, which the Court construes as an application for a Certificate of Appealability ("COA"), the Court has two issues before it: whether Petitioner should be granted a COA, and if so, which issues should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Petitioner should not be granted a certificate of appealability.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner

is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)). If a petitioner fails to make such a showing, his or her request for a COA must be denied. See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997).

In the instant case, the Court granted the Respondent's motion to dismiss and dismissed Petitioner Simmons's petition for writ of habeas corpus as untimely. Petitioner had until June 11, 1999, to file a habeas petition or to toll the deadline by seeking state post-conviction relief. Since he did neither, his petition was untimely filed. Therefore, no reasonable jurists would debate the fact that Petitioner's habeas corpus petition was properly dismissed as untimely. Consequently, Petitioner cannot make a substantial showing of the violation of a constitutional right, and the Application for Certificate of Appealability must be denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Application for Certificate of Appealability, Doc. 25, is denied.

2. The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *17th* day of June, 2008

> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge